IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | Criminal Action No. 13-318 |
| v. | ) | |
| | ) | Judge Cathy Bissoon |
| LARRY DEAN WINCKLER, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

## I. MEMORANDUM

Pending before the Court is Defendant Larry Dean Winckler's ("Defendant's") Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), ("Compassionate Release Motion" or "Motion," Doc. 42), the Government's Response in Opposition ("Response," Doc. 45) and an Addendum to that Response, (Doc. 47), and Defendant's Reply, ("Reply," Doc. 50). For the reasons that follow, Defendant's Compassionate Release Motion will be granted.[1]

### A. BACKGROUND

On February 18, 2014, Defendant waived his right to indictment and pleaded guilty to a Seven-Count Information charging him with conspiracy, mail fraud and filing false tax returns. (Docs. 1, 7, 8.) Defendant's offenses were committed in connection with a multi-year, multi-million dollar embezzlement scheme, in which he stole from his employer, Falcon Drilling.

---

[1] Both Defendant and the Government filed supplemental briefing related to the COVID-19 pandemic. (See Docs. 52, 55, 56.) Defendant also argues in his Compassionate Release Motion and Reply that his particular susceptibility to the virus due to his medical condition supports release. While the Court read and considered all the filings related to Defendant's Motion, because it does not rely on any argument related to COVID-19 in disposing of Defendant's Motion, these arguments will not be referenced in this Memorandum.

(Doc. 33). On January 23, 2015, Judge Terrence F. McVerry sentenced Defendant to 96 months imprisonment. (Text-only entry dated 1/23/15; Doc. 36 (Amended Judgment).)

On February 14, 2020, Defendant filed his Compassionate Release Motion, asking the Court to reduce his sentence to time-served in light of his diagnosis of "terminal metastatic thyroid cancer." (Motion at 1.)[2] In particular, Defendant argued that his diagnosis is an "extraordinary and compelling reason" for reduction under 18 U.S.C. § 3582(c)(1)(A)(i) and under the United States Sentencing Guidelines ("Guidelines") Section 1B1.13. (Id. at 3–4.) Defendant averred that this extraordinary and compelling reason allows the Court to re-weigh the factors listed in 18 U.S.C. § 3553(a) ("3553 Factors"), and urged that full consideration of the 3553 Factors at this time supports a time-served sentence.

On February 27, 2020, the Government filed its Response, conceding the Court's jurisdiction to decide the Motion, but arguing that it should be denied because of "insufficient amounts of medical documentation" and Defendant's failure to provide the Court with relevant information. (Response at 1.) The Government averred in its Response that Defendant's illness is unsubstantiated, that he does not suffer any limitations as a result of any alleged illness, and therefore, that his medical condition is not an extraordinary or compelling reason under the relevant statute or Guidelines. (Id. at 3–6.) Additionally, the Government indicated that Defendant recently was disciplined by the BOP for possession of contraband and damage to the vehicle he used in his position as an "institutional town driver." (Id. at 8–10; Ex. 2.) The Government asserted that this misconduct, along with other 3553 Factors, weighs against Defendant's requested relief. (Id. at 10–11.)

---

[2] Medical records attached to the Motion reflect his diagnosis. (See Ex. A.)

On March 16, 2020, Defendant filed a Reply, arguing the Government's Response misdirects the Court as to Defendant's burden to secure compassionate release. (Reply at 7–12.) Specifically, Defendant stressed that any decision made by the Bureau of Prisons ("BOP")—in this case a denial of Defendant's request for release—is not entitled to deference in this Court and is made pursuant to a more stringent standard. (Id. at 7–9.) Defendant pointed out that the Sentencing Commission explicitly has rejected aspects of the standard used by the BOP, including a requirement that life expectancy be shown to be 18-months or less, a factor BOP relied upon in denying Defendant a reduction in sentence. (Id.; see also Response at Ex. A ("BOP Denial Letter").) In this Court, Defendant argues, the critical question is: "[W]hether Mr. Winckler meets the criteria for a terminal illness set forth in U.S.S.G. § 1B1.13." (Reply at 8.)

Defendant's Reply also provided the Court with a substantial amount of additional medical information and documentation regarding his diagnosis. (Id. at 3–5; Ex. A–H.) In particular, Defendant highlighted the worsening of his diabetes and hypertension due to medications prescribed for his cancer, the need for a waiver of the phone's voice recognition features due to throat pain and associated changes in his voice, and his request for a walker due to widespread back and joint pain. (Id. at 4–5.) Defendant also stressed that, other than the recent disciplinary infraction, he has had no other issues while incarcerated, and that denial of his Motion on top of the punishment he already received from the BOP is unwarranted. (Id. at 13–14.)

### B.   ANALYSIS

Recent changes to 18 U.S.C. § 3582(c)(1)(A)(i) allow a defendant to bring a motion for his own release after exhaustion of administrative remedies with the BOP. As noted above, the

Government conceded that this Court has jurisdiction and may consider the merits of Defendant's properly brought Motion. The starting place for this consideration is the text of the statute, which provides in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that in any case the court . . . upon motion of the defendant . . . may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction.

18 U.S.C. § 3582(c)(1)(A)(i). Such a reduction also must be consistent with the policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). The relevant policy statement under the Guidelines is Section 1B1.13. Application Note 1 of Section 1B1.13 provides that, if Defendant is not a danger to the safety of any other person to the community,[3] "extraordinary and compelling reasons exist" if "defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required."

This is a close case but, after consideration of all evidence and argument put forth by the parties, the Court finds that Defendant has met his burden to secure a reduction in his sentence based on his terminal illness. Defendant has presented numerous medical records that show he has stage-four metastatic thyroid cancer that is consistently described as terminal, his care is palliative in nature and complicating other medical conditions, and he is described as having less than a year to live. (Reply at Ex. A–H.) This sufficiently demonstrates his cancer is terminal and thus an "extraordinary and compelling reason" under statute.

---

[3] The Government has not argued that Defendant is a danger to others or the community as provided in 18 U.S.C. § 3142(g), and the Court can discern no reason to presume he is from the record.

The Government's arguments that Defendant is not impaired by his illness, which are sufficiently addressed by the exhibits attached to Defendant's Reply, are thus, misplaced. Neither the statute nor the Guidelines require demonstration that a terminal illness causes functional impairment nor a specific reduction to life expectancy.[4] These authorities similarly do not require the Court to defer to BOP's determination or use BOP guidance to rule on Defendant's Motion. Moreover, the Court is persuaded by Defendant's arguments in his Reply that what is required under the Guidelines is intentionally different than the standards applied by the BOP, and that the reasons for those differences are sound. (Reply at 9–13 (discussing Amendment 799).)

As Defendant has shown an extraordinary and compelling reason for a reduction in sentence, the Court moves to consideration of the 3553 Factors to determine the appropriate reduction. Presently, Defendant is 59 years old. (Motion at 9.) His age, cancer diagnosis and deteriorating physical condition make is unlikely that Defendant will reoffend. More important, he has served over five years of his 96-month sentence, which is a significant sentence for his very serious crime. (Id. at 4–5.) While the Court agrees with the Government that the episode of misconduct by Defendant in August of 2019 is not a minor one, the Court also agrees with Defendant that this incident, which appears to be the only serious infraction by Defendant while in custody, (Reply at Ex. I), does not suggest in any way that Defendant would be a danger upon release. All in all, at this juncture, the Court finds that a sentence reduction to time-served results in a sentence sufficient but not greater than necessary to accomplish the goals of punishment, deterrence and protection of the public. Moreover, acknowledging that requiring

---

[4] Even the BOP Program Statement attached by the Government to its Response indicates that functional impairment is not required to grant a reduction in sentence if the inmate has a terminal illness, as Defendant does. (Response, Ex. C at 5.)

Defendant to serve the sentence originally imposed would all but ensure he would die in custody, failure to reduce his sentence to time-served would be inconsistent with promoting respect for the law and human dignity.

## II. ORDER

Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) is **GRANTED**. Defendant's previously imposed sentence of imprisonment of a total of 96 months is **REDUCED** to time served. An appropriate release plan is in place[5] and the Defendant is **ORDERED RELEASED IMMEDIATELY**. Defendant's previously imposed supervised release term, as noted in the Amended Judgment dated February 11, 2015, (Doc. 36), remains unchanged.

IT IS SO ORDERED.

April 3, 2020
                                              s\Cathy Bissoon
                                              Cathy Bissoon
                                              United States District Judge

cc (via ECF email notification):

All Counsel of Record

---

[5] The Court specifically finds the release plan offered by Defendant, that he be released to live with his daughter and her husband in Oakdale, Pennsylvania, to be acceptable. (Motion at 10.)